UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WATKINS, | No. 2:17-cv-01348-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| INVESTMENT RETRIEVERS, INC., | |
| Defendant. | |

On October 12, 2017, the court ordered plaintiff's counsel, Jonathan Aaron Stieglitz, to show cause why he should not be sanctioned: (1) $250.00 for failing to appear at the October 6, 2017 status conference and hearing on defendant's motion to dismiss, and (2) $250.00 for failing to designate Rachel Drake or the appropriate acting counsel as attorney of record for plaintiff. ECF No. 19. Mr. Stieglitz responded to the order to show cause on October 17, 2017. ECF No. 20. Defendant filed a reply that same day. ECF No. 21. Mr. Stieglitz filed a second response on October 19, 2017. ECF Nos. 22, 22-1.

The court has reviewed Mr. Stieglitz's responses and determines he has not shown sanctions should not be imposed for his failure to appear. Mr. Stieglitz explains his request for telephonic appearance, filed on September 7, 2017 and denied by this court on September 12, 2017, was submitted in error. *See* ECF No. 20, p. 2; ECF No. 14; ECF No. 15. Mr. Stieglitz later realized observance of a religious holiday on October 6, 2012 would prohibit him from attending

1

the conference and hearing. ECF No. 20, p. 2. Mr. Stieglitz states he did not request continuance of the hearing because he was unable to obtain consent from defendant's counsel. *Id.* Instead, Mr. Stieglitz sent "local counsel" who is not an attorney of record in this action. *Id.*

Local Rule 230(f) permits counsel to submit "[r]equests for continuances of hearings on the motion calendar, upon stipulation or otherwise, . . . at least seven (7) days before the scheduled hearing date." Accordingly, Mr. Stieglitz had ample opportunity to request continuance, with or without opposing counsel's consent, after the court denied his request for telephonic appearance on September 12, 2017.

The court further determines Mr. Stieglitz has not shown sanctions should not be imposed for failing to designate Rachel Drake or appropriate acting counsel as attorney for plaintiff. Mr. Stieglitz states his client, Reginald Watkins, retained Ms. Drake's New Jersey law firm, RC Law Group, PLLC, and later retained Mr. Stieglitz "to serve as California counsel in this action." *Id.* at p. 3. Mr. Stieglitz refers to Ms. Drake as his "co-counsel." *Id.* He further states Ms. Drake "drafted the initial Discovery Plan," but later sought review, comments and approval from Mr. Stieglitz. *Id.*

Local Rule 182(a)(1) provides "no attorney may participate in any action unless the attorney has appeared as an attorney of record." Ms. Drake had not appeared as an attorney of record in this action, as Mr. Stieglitz knew at the time he filed documents with the court. Accordingly, sanctions are warranted.

Although the court previously signaled its intent to impose $500 in sanctions for Mr. Stieglitz's multiple violations, it now imposes $250 in light of Mr. Stieglitz's timely responses to the order to show cause and the steps he has initiated to ensure compliance, however belated, with the Local Rules.

In accordance with the above, IT IS HEREBY ORDERED counsel for plaintiff shall pay $250 in sanctions to the Clerk of the Court within ten days of this order, without passing this cost to his client.

DATED: October 30, 2017.

_____
UNITED STATES DISTRICT JUDGE

2