UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WATKINS,<br><br>   Plaintiff,<br><br> v.<br><br>INVESTMENT RETRIEVERS, INC.,<br><br>   Defendant. | No. 2:17-cv-01348-KJM-CKD<br><br><br>ORDER |

Defendant's motion to dismiss is before the court. Mot., ECF No. 12-1.[1] Plaintiff opposes, Opp'n, ECF No. l3, and defendant has filed a reply, Reply, ECF No. 16. Following oral argument on October 6, 2017, the court submitted the matter. As discussed below, the court GRANTS in part and DENIES in part defendant's motion.

I. <u>BACKGROUND</u>

Plaintiff Reginald Watkins ("Watkins" or "plaintiff") alleges defendant Investment Retrievers, Inc. ("IRI"), a debt collector, sent plaintiff a collections letter on or about September 29, 2016, stating, in part, "[defendant] now holds title to your vehicle. We understand that you are still in possession of your vehicle." Compl., ECF No. 1 ¶¶ 5, 9-10. Because Watkins no

---

[1] Defendant filed its motion to dismiss on August 28, 2017. ECF No. 8. On September 6, 2017, defendant filed a notice of errata explaining it had inadvertently omitted the memorandum of points and authorities in support of its motion, ECF No. 12, and attaching that memorandum, ECF No. 12-1.

1

longer possessed the vehicle, he alleges this letter contained a false statement that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et seq. *Id.* ¶¶ 11, 15-21. Watkins seeks declaratory relief, damages and costs. *Id.* at 5 (Prayer for Relief).

IRI moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mot. at 6-16.[2]

## II. STANDING

### A. Legal Standard

The United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Lujan*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

A plaintiff possesses Article III standing only if he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citation omitted). To establish an injury in fact, the plaintiff must show the defendant infringed on plaintiff's legally protected interest in a "concrete and particularized" manner that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (citation omitted).

Standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to

---

[2] All citations to the briefs refer to ECF page numbers, not the briefs' internal pagination.

invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack, however, the court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).

Watkins, as the party invoking federal jurisdiction, bears the burden of establishing the elements for Article III standing. *See Spokeo*, 136 S. Ct. at 1547. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (citation omitted).

B.  Analysis

IRI argues Watkins lacks standing because "he does not allege any harm that could exist independent of the [FDCPA]." Mot at 9. Rather, because "Plaintiff *knew* that he was not in possession of his vehicle[,]" IRI contends its letter to the contrary could not harm plaintiff "in any real way." *Id.* at 10 (emphasis in original). IRI therefore contends Watkins lacks standing because he fails to allege a concrete harm and "there is no factual basis for his allegation of harm." Mot. at 7.

1. Factual Attack on Jurisdiction

Although IRI purports to dispute the truth of the allegations on which Watkins relies to invoke standing, *id.*, IRI does not actually mount a factual attack on jurisdiction.

/////

3

To support its purported factual attack, IRI provides (1) a letter to Watkins dated July 29, 2016, stating IRI "purchased your . . . auto loan . . . . [and] now holds the title to your vehicle. [IRI] understand[s] that you are still in possession of the vehicle," ECF No. 8-3 at 1, and (2) a letter to Watkins dated August 9, 2016, stating "IRI believes there was a clerical error erroneously stating that you were still in possession of [the] vehicle and we apologize for any inadvertent confusion our previous letter may have caused," ECF No. 8-4 at 1.

In light of these letters, IRI argues Watkins cannot plead a concrete injury because Watkins knew he no longer possessed the car and IRI's follow-up letter corrected and apologized for its mistake, "eliminat[ing] any irrational, non-actionable doubt Plaintiff may have had." Mot. at 10. But IRI's letters do not raise or resolve a factual dispute as to standing. *See McCarthy*, 850 F.2d at 560. In fact, IRI's evidence corroborates rather than disputes Watkins' allegations by acknowledging the first letter contained false information. *See* ECF No. 8-4 at 1. While IRI's letter apologizing for this mistake may ultimately limit the extent of Watkins' alleged injury and IRI's liability, it does not dispute the truth or existence of plaintiff's alleged injury. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) ("The FDCPA is a strict liability statute that 'makes debt collectors liable for violations that are not knowing or intentional.'") (citation omitted); *see also* 15 U.S.C. 1692k(b)(1) (requiring the court to consider "the extent to which [] noncompliance was intentional" in determining the amount of liability).

Because IRI does not factually attack jurisdiction, Watkins need not counter IRI's attack with a declaration or other evidence. Construing IRI's motion as a facial attack, the court assumes the complaint's allegations are true and assesses jurisdiction in a light most favorable to Watkins. *See Safe Air*, 373 F.3d at 1039.

2. <u>Injury-in-Fact</u>

In *Spokeo*, "[t]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' Even then, 'Article III standing requires a concrete injury.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (order after remand quoting *Spokeo*, 136 S. Ct. at 1549) (alteration in original) (internal citation

omitted). Nonetheless, "while [a plaintiff] may not show an injury-in-fact merely by pointing to a statutory cause of action, the Supreme Court also recognized that *some* statutory violations, alone, do establish concrete harm." *Id.* at 1113 (emphasis in original). "*Spokeo II* 'instruct[s] that an alleged procedural violation [of a statute] can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents 'a risk of real harm' to that concrete interest.'" *Id.* (alterations in original) (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)). Thus, in evaluating a claim of harm arising from a statutory violation, *Robins* requires the court to consider: "(1) whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

Following *Robins*, the Ninth Circuit held that a plaintiff bringing suit under 18 U.S.C. § 2710(b)(1)[3] of the Video Privacy Protection Act of 1988 ("VPPA") need not allege harm beyond the statutory violation to establish a concrete injury. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982-84 (9th Cir. 2017).[4] The court distinguished *Spokeo*, explaining that "*Spokeo* concerned *procedural* violations of the FCRA that would not invariably injure a concrete interest." *Id.* at 982 (emphasis in original) (citing *Robins*, 867 F.3d at 1114). In contrast, the VPPA provision at issue was non-procedural and "codifie[d] a context-specific extension of the *substantive* right to privacy . . . ." *Id.* at 983 (emphasis in original). As the court explained, "[c]ongressional judgment leaves little doubt that 18 U.S.C. § 2710(b)(1) is a substantive provision that protects concrete interests." *Id.* "Accordingly, *every* disclosure of an individual's 'personally identifiable information' and video-viewing history offends the interests that the statute protects." *Id.* (emphasis in original). This understanding was confirmed by historical practice, under which "[v]iolations of the right to privacy have long been actionable at common

---

[3] Under this provision, "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person . . . ." 18 U.S.C. § 2710(b)(1).

[4] Although the Ninth Circuit's decision in *Eichenberger* was issued after the parties completed briefing and oral argument, the court has determined supplemental briefing is not necessary.

law." *Id.* The court thus concluded, "Plaintiff need not allege any further harm to have standing." *Id.* at 984.

The FDCPA provisions invoked here, 15 U.S.C. § 1692e and § 1692f, likewise protect substantive rather than procedural rights. "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors . . . .'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "Stated differently, Congress granted consumers a substantive right in being free from 'abusive debt collection practices.'" *Brown v. R & B Corp. of Va.*, No. 2:17CV107, 2017 WL 3224728, at *5 (E.D. Va. July 28, 2017) (quoting 15 U.S.C. § 1692(e)). To that end, "[t]he FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales*, 660 F.3d at 1060–61; *cf. Craftwood II, Inc. v. Wurth Louis and Co.*, No. SACV170606DOCKES, 2017 WL 4286605, at *6-8 n.3 (C.D. Cal. Sept. 20, 2017) (noting a Telephonic Consumer Protection Act claim is "substantive rather than procedural").

Indeed, the FDCPA provisions at issue do not merely impose procedural requirements upon debt collectors, but instead "create[] a private duty owed personally to" a consumer by a debt collector to refrain from using false, deceptive, or misleading means or representations in attempting to collect a debt. *See Spokeo*, 136 S.Ct. at 1554 (Thomas, J., concurring). Thus, under § 1692e, a debt collector is prohibited from "us[ing] any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This provision ensures "consumers are fully and truthfully apprised of the facts and of their rights,' . . . enabl[ing] them 'to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1122 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014) (quoting *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006)). The "non-exhaustive list of sixteen practices that violate [§ 1692e's] general prohibition," *id.* at 1119, includes, as invoked here, subsection 1692e(2)(A), prohibiting "[t]he false representation of the character, amount, or legal status of any debt"; subsection

6

1692e(5), prohibiting threats to take illegal action, or action not intended to be taken; and subsection 1692e(10), prohibiting false representations or deceptive means to attempt to collect a debt or consumer information. 15 U.S.C. § 1692e(2)(A), (5), (10). Likewise, under § 1692f, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Accordingly, unlike the "reasonable procedures" requirement imposed on consumer reporting agencies at issue in *Spokeo*, *see* 136 S.Ct. at 1550, the FDCPA provisions at issue here "necessarily affect a plaintiff's concrete interests[,]" *see Eichenberger*, 876 F.3d at 982. Thus, plaintiff need not "allege any harm that could exist independent of the [FDCPA]" to obtain standing. *See* Mot at 9.

Here, Watkins alleges IRI violated the FDCPA by issuing a debt collection letter that included a false and coercive statement intended to "scar[e] Plaintiff into making payment." Compl. ¶ 12. Watkins alleges the letter caused him to become "extremely upset and disheartened due to the extremely difficult financial struggle he is going through." *Id.* ¶ 13. As Watkins correctly argues, "dissemination of false information in a collection letter constitutes . . . a risk of harm because it confuses the consumer as to his rights under the FDCPA." Opp'n at 5. Despite IRI's arguments to the contrary, *see, e.g.*, Mot. at 10, Watkins does not allege he believed he possessed the car simply because IRI's letter said so; Watkins alleges IRI sent a collection letter with false information to intimidate Watkins into making a payment, *see* Compl. ¶¶ 12-13. Watkins' allegations, properly understood, establish standing under two provisions of § 1692e: The alleged conduct presents a material risk of harm to concrete interests protected under § 1692e's prohibition on "us[ing] any false . . . representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, as well as § 1692e(2)'s prohibition on use of a "false . . . representation of the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2). Likewise, the alleged false statement here implicates concrete interests protected under § 1692e(10), which prohibits use of false representations to collect a debt or obtain information about a consumer. 15 U.S.C. § 1692e(10).

Watkins' allegations are insufficient to invoke jurisdiction for the balance of his FDCPA claims. *See Leite v. Crane Co.*, 749 F.3d at 1121. His complaint contains no allegations

7

whatsoever that IRI made empty or illegal threats in violation of § 1692e(5), or that IRI used unfair or unconscionable means to collect a debt in violation of § 1692f.

IRI's motion to dismiss for lack of standing is DENIED as to Watkins' §1692e, § 1692e(2) and § 1692e(10) claims, and GRANTED with respect to Watkins' § 1692e(5) and § 1692f claims.

III. FAILURE TO STATE A CLAIM

A. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

B. Discussion

1. FDCPA Claims

IRI argues Watkins' claims fail under the least sophisticated debtor standard, and are immaterial. Mot. at 13-14.

Allegations under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f are analyzed from the perspective of the "least sophisticated debtor." *See, e.g., Wade v. Regl. Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). "At the same time, the standard . . . . does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations." *Gonzales*, 660 F.3d at 1062 (citations omitted). Further, to be actionable, the alleged misconduct must be material. *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 775-76 (9th Cir. 2017). A material false statement is

8

one that "could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'" *Id.* at 776 (quoting *Tourgeman.*, 755 F.3d at 1121). "Immaterial false representations, by contrast, 'are those that are literally false, but meaningful only to the hypertechnical reader." *Id.* (quoting *Tourgeman*, 755 F.3d at 1121) (internal quotation marks omitted).

IRI argues Watkins' claims fail under both the least sophisticated debtor standard and for immateriality. Mot. at 13-14. These arguments are unavailing, as they rely on the untenable assertion that because Watkins knew he no longer possessed the car, IRI's letter to the contrary (1) would not mislead the least sophisticated debtor, and (2) was an immaterial misstatement. Although IRI's letter would not lead the least sophisticated consumer to believe he now possessed a car he knew he no longer possessed, the letter could confuse the least sophisticated consumer -- and any consumer -- about whether his creditor believes he is in possession of the debt collateral. This interpretation would not be "bizarre." *See Gonzales*, 660 F.3d at 1062. Further, the false statement could disadvantage plaintiff "in charting a course of action in response to the collection effort" by, for example, leading him to contact the debt collector to correct the mistake when plaintiff otherwise would refuse such contact or not take the time to initiate contact. *See Afewerki*, 868 F.3d at 776. The alleged misstatement satisfies the least sophisticated debtor standard and is material.

Defendant's motion with respect to this claim is DENIED.

2. <u>RFDCPA Claim</u>

IRI also moves to dismiss Watkins' RFDCPA claim, arguing (1) the claim is derivative of Watkins' FDCPA claims, and thus fails because Watkins' FDCPA claims fail, and (2) IRI is entitled to the affirmative defense provided by California Civil Code section 1788.30(d) because it corrected the mistake in its letter within fifteen days. Mot. at 8 n.2, 12 n.3.

Because the court only partially grants IRI's motion to dismiss Watkins' FDCPA claims, IRI's first argument cannot succeed.

IRI's second argument has merit. California Civil Code section 1788.30(d) shields from liability a debt collector who "within 15 days either after discovering a violation which is

able to be cured, or after the receipt of a written notice of such violation, . . . notifies the debtor of the violation, and makes whatever adjustments or corrections are necessary to cure the violation with respect to the debtor." Cal. Civ. Code § 1788.30(d). IRI's letter, dated August 9, 2016, falls within section 1788.30(d)'s fifteen-day safe harbor. *See* ECF Nos. 8-3, 8-4. The letter states, in part, "our records show that you are not in possession of said vehicle and we apologize for any inadvertent confusion our previous letter may have caused." ECF No. 8-4 at 1. The letter further states, "IRI is reaching out today to ensure that you have the correct information about your account and to correct our clerical error." *Id.*

The court may properly consider these letters, through the doctrine of incorporation by reference, in assessing whether plaintiff states an RFDCPA claim. Under that doctrine, a court may "consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (citation omitted). The doctrine has been extended to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005). In addition, "the assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). However, "[i]f, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citation omitted).

Watkins' complaint acknowledges IRI's first letter. *See* Compl. ¶¶ 9-10. The complaint does not, however, acknowledge the second letter. Nonetheless, the incorporation by reference doctrine may be invoked to prevent plaintiffs from "surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Here,

1 | IRI's second letter is critically relevant to plaintiff's RFDCPA claim. Watkins neither disputes
2 | the letter's authenticity nor denies receiving the letter. Rather, Watkins' briefing acknowledges
3 | the letter and its content. *See* Opp'n at 7 ("The second letter does not correct the false, deceptive
4 | or misleading character of the first letter."). Because there is no dispute as to the letter's
5 | authenticity, the court considers it here and concludes it presents an "obvious bar" to plaintiff's
6 | RFDCPA claim. *See ASARCO*, 765 F.3d at 1004. IRI's second letter falls within California Civil
7 | Code section 1788.30(d)'s fifteen-day period and corrects the first letter's error. *See* ECF Nos. 8-
8 | 3, 8-4. Thus, IRI appears to be entitled to section 1788.30(d)'s affirmative defense.
9 | Accordingly, IRI's motion to dismiss plaintiff's RFDCPA claim is GRANTED.
10 | That said, given the cursory manner in which the issue is briefed, and the possibility that plaintiff
11 | could amend to plead around the affirmative defense, the court will grant leave to amend.

## IV. LEAVE TO AMEND

The federal rules mandate that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). Before granting leave, a court considers any potential bad faith, delay, or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, Watkins may be able to cure his pleading deficiencies. IRI, doubtful that the deficiencies above can be cured, seeks dismissal with prejudice. Mot. at 14-16. But IRI has shown no undue prejudice that allowing amendment may cause. Given the strong presumption in favor of granting leave to amend, the court elects to do so here subject to the limits imposed by Federal Rule of Civil Procedure 11.

/////

/////

V.  CONCLUSION

IRI motion to dismiss is GRANTED in part and DENIED in part as explained above, with leave to amend consistent with this order.

IT IS SO ORDERED.

DATED: January 23, 2018.

_____
UNITED STATES DISTRICT JUDGE